**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS, LLC,**
**Debtor and Debtor-in-Possession**

**CASE NO. 26-02354**
**CHAPTER 11**
**SUBCHAPTER V**

---

**VERIFIED STATEMENT OF DISINTERESTEDNESS OF THOMAS C. ROLLINS, JR. UNDER 11 U.S.C. § 327 AND FED. R. BANKR. P. 2014**

---

I, Thomas C. Rollins, Jr., state under penalty of perjury in support of the Debtor's Application and regarding the Firm's disinterestedness and connections as required by Fed. R. Bankr. P. 2014:

1. I am an attorney licensed in Mississippi and a member of The Rollins Law Firm, PLLC. I submit this statement in support of the Debtor's application to employ the Firm.
2. The Firm's current hourly rates for this engagement are $425 for me; $360 for Jennifer A. Curry Calvillo; $155 for paralegals; and $100 for legal assistants.
3. The Firm has received a $12,000 advance retainer from the Debtor held in trust.
4. Before the petition, the Firm represented the Debtor in preparing for this bankruptcy case. The Firm does not represent Reginald Jones individually in this Chapter 11 case under the Debtor's engagement agreement, and claims against him on guaranties or other individual liability are outside the Debtor engagement unless separately agreed.
5. The Firm has reviewed the current schedules, creditor list and known parties in interest for connections. Based on that review and subject to the continuing investigation described below, I am not aware of any connection that would cause the Firm to hold or represent an interest adverse to the estate in the matters for which employment is sought or prevent the Firm from being disinterested under § 101(14).
6. The creditor and party information is still being reconciled, including UCC representatives whose underlying principals are not identified in the supplied financing statements, payer/network counterparties, vehicle lenders, taxing authorities and possible guarantors. The Firm will supplement this statement promptly if additional connections requiring disclosure are identified.
7. The Firm has not agreed to share compensation with any person other than attorneys or employees of the Firm except as may later be disclosed and approved.
8. No promise has been made concerning the amount of compensation that the Court will allow. The Firm will seek compensation and reimbursement only as permitted by §§ 330 and 331, Rule 2016 and applicable orders.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 28, 2026.

______________________
Thomas C. Rollins, Jr.