**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS, LLC,**
**Debtor and Debtor-in-Possession**

**CASE NO. 26-02354-JAW**
**CHAPTER 11**
**SUBCHAPTER V**

---

# EMERGENCY MOTION FOR INTERIM AND FINAL AUTHORITY TO USE CASH COLLATERAL; TO PROHIBIT POSTPETITION SWEEPS AND INTERCEPTION OF RECEIPTS; AND FOR RELATED ADEQUATE-PROTECTION RELIEF

---

RS, LLC (the "Debtor"), as debtor and debtor-in-possession, moves under 11 U.S.C. §§ 105, 361, 362, 363, 1107, 1108 and 1184; Federal Rules of Bankruptcy Procedure 2002, 4001(b), 6003 and 9014; and Miss. Bankr. L.R. 4001-1 and 9013-1 for interim and final authority to use cash collateral. In support, the Debtor states:

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1408. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).
2. The Debtor commenced this case by filing a voluntary petition under Chapter 11 and elected to proceed under Subchapter V. The Debtor remains in possession and continues to operate under 11 U.S.C. §§ 1107, 1108 and 1184.
3. The Debtor is a Mississippi limited liability company engaged in non-emergency medical transportation and related ground-passenger transportation. The Debtor transports customers through payer and network relationships that include Modivcare Solutions LLC, CareCar Inc. and Medical Transportation Management, Inc. ("MTM").
4. The Debtor operates multiple vehicles and requires continuous access to operating receipts to pay labor, fuel, vehicle repairs, commercial insurance, banking costs, accounting costs and other ordinary expenses necessary to keep vehicles in service and continue providing transportation.
5. The Debtor's schedules in draft form identify business accounts at JPMorgan Chase, Mutual Federal Credit Union and Members Exchange Federal Credit Union. Petition-date balances and the Debtor's accounts-receivable aging remain to be finalized.
6. The Debtor's submitted September 2026 projection reflects approximately $80,000 in monthly operating receipts and approximately $51,506 in core operating disbursements before any

owner draw, vehicle adequate protection/debt service, Chapter 11 professional and trustee costs, or postpetition taxes and administrative expenses.

## ASSERTED INTERESTS IN RECEIPTS AND PROCEEDS

7. A Mississippi UCC financing statement, filing no. 240224290, names RS, LLC and Reginald Eugene Jones as debtors and LiftFund Inc. as secured party. The collateral description includes accounts receivable, notes receivable, chattel paper, rights to payment, documents, general intangibles, inventory, equipment, machinery, furniture, fixtures and proceeds, including "all business assets."

8. A second financing statement, filer reference no. MS-0-107921391-73562345, names "RS,LLC" as debtor and "C T Corporation System, as representative" as the secured party representative. It states that a secured party purchased "Future Receipts," defined to include payments received or rights to payments by cash, check, ACH, cards, accounts and payment intangibles, and states the parties intend a sale rather than an assignment for security. The underlying purchaser is not identified in the UCC filing supplied to the Debtor.

9. A third financing statement, filing no. 250272093, names Smith's Move It LLC as the first debtor and includes "RS,LLC" as one of several additional debtors, at 931 Highway 80 Unit 100, Jackson, Mississippi 39204. It names First Corporate Solutions, as representative, and describes "All Debtor's Assets" and proceeds. The underlying secured party is not identified in the UCC filing supplied to the Debtor.

10. The Debtor's current creditor information also identifies Fundbox, CFG Merchant Solutions, LiteFund Solutions, Giggle, Members Exchange Federal Credit Union, Mutual Federal Credit Union, the Small Business Administration, and First Insurance Funding. The present UCC package does not permit the Debtor to map the representative UCC filings conclusively to a particular underlying counterparty or to determine all attachment, perfection, priority, control, tracing, setoff, recoupment or true-sale issues.

11. The Debtor therefore uses "Cash Collateral Claimants" to mean LiftFund and any other party that timely asserts a colorable ownership or lien interest in the Debtor's prepetition or postpetition receipts, accounts, payment intangibles, identifiable proceeds or funds derived from such property. Use of that term is not an admission that any property is cash collateral under § 363(a).

12. The Debtor expressly reserves every right concerning the existence, attachment, validity, enforceability, perfection, priority, extent and amount of any lien or ownership interest; the

effect of the exact debtor name used in a financing statement; characterization of any receivables transaction as a sale or financing; tracing; setoff/recoupment; § 552; avoidance; claims and counterclaims; and all other legal and equitable defenses.

**IMMEDIATE NEED FOR INTERIM RELIEF**

13. The Debtor's transportation business depends upon current receipts. If receipts are swept, frozen, diverted, intercepted or unavailable, the Debtor will be unable to pay ordinary operating expenses required to keep vehicles on the road and to perform transportation services.

14. An interruption in operations would jeopardize payer relationships, customer service, employees or contractors, insurance, vehicle collateral and going-concern value. The resulting harm could occur before a final hearing under Rule 4001 can be completed.

15. The Debtor requests interim authority to use funds that may constitute Cash Collateral only in accordance with the monthly operating budget attached as Exhibit A, subject to a 15% variance by operating line item and no increase in the aggregate operating-disbursement cap without written consent of affected Cash Collateral Claimants or further Court order. Unused amounts may be carried forward.

16. The monthly budget includes an owner draw of $19,610. The Debtor requests authority to make the budgeted owner draw while the interim order remains effective. No owner distribution or payment of personal expenses in excess of the amounts reflected in Exhibit A is requested.

17. The Debtor also requests authority to direct banks, processors and payers to discontinue prepetition ACH authorizations, sweeps, lockbox diversions or payment redirections in favor of prepetition creditors. No Cash Collateral Claimant should collect estate receipts after the petition date except by written postpetition consent or further order of this Court.

**ADEQUATE PROTECTION**

18. As interim adequate protection, each Cash Collateral Claimant that proves a valid, enforceable, perfected and unavoidable prepetition lien shall receive a replacement lien in postpetition property of the same type and in identifiable proceeds, with the same validity, extent and priority as its prepetition lien, but only to the extent of actual diminution in value resulting from the Debtor's authorized use.

19. No replacement lien will attach to Chapter 5 avoidance actions or their proceeds; claims or causes of action against insiders or prepetition financing parties; the Debtor's professional

retainer; tax refunds to the extent not subject to a valid prepetition lien; or property that was not subject to a valid consensual prepetition lien.

20. The Debtor will maintain required insurance, preserve books and records, use DIP accounts, provide the U.S. Trustee, Subchapter V trustee once appointed, and requesting Cash Collateral Claimants with reasonable bank and operating reports, and account for use of funds under the budget.

21. The requested protection is limited and nonprejudicial. It preserves the status quo while permitting the business to operate and generate the very receivables and proceeds in which the Cash Collateral Claimants assert interests.

**RELIEF REQUESTED**

22. Under §§ 363(c)(2) and 363(e), Rule 4001(b)(2), Rule 6003 and Local Rule 4001-1, interim relief is necessary to avoid immediate and irreparable harm pending a final hearing.

23. The Debtor requests an interim order authorizing use of Cash Collateral under Exhibit A; stopping postpetition sweeps/interception; granting the limited replacement liens described above; preserving all rights and challenges; and setting a final hearing.

24. The Debtor requests that the interim order become effective immediately upon entry. No waiver of the ordinary notice required for final relief is requested.

25. The Debtor requests that the final hearing be set no earlier than permitted by Fed. R. Bankr. P. 4001(b)(2), with final relief to be considered only after the required notice and hearing.

WHEREFORE, the Debtor requests entry of the proposed Interim Order and, after notice and hearing, a Final Order substantially in the form submitted, together with such other relief as is just and proper.

Respectfully submitted,
RS, LLC, Debtor and Debtor-in-Possession

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS, LLC,**
**Debtor and Debtor-in-Possession.**

**CASE NO. 26-02354-JAW**
**CHAPTER 11**
**SUBCHAPTER V**

## CERTIFICATE OF SERVICE

I, Thomas C. Rollins, Jr., certify that on September 1, 2026, a true and correct copy of the foregoing Emergency Motion and its exhibits was served through the Court's CM/ECF system on all registered users entitled to electronic notice and by United States first-class mail and, where practicable for an emergency matter, by electronic mail or overnight delivery, on each non-CM/ECF recipient identified below. This service is intended to comply with Miss. Bankr. L.R. 9013-1(g)(3), to the extent applicable.

- Office of the United States Trustee, Thad Cochran U.S. Courthouse, 501 E. Court Street, Suite 6-430, Jackson, MS 39201
- LiftFund Inc., 2014 S. Hackberry St., San Antonio, TX 78210
- LiftFund Inc., 2007 W. Martin St., San Antonio, TX 78207
- C T Corporation System, as representative, 330 N. Brand Blvd., Suite 700, Attn: SPRS, Glendale, CA 91203
- Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071
- First Corporate Solutions, as representative, 914 S Street, Sacramento, CA 95811
- Fundbox, Inc., 5760 Legacy Dr., Suite B3-535, Plano, TX 75024
- CFG Merchant Solutions, LLC, 180 Maiden Lane, 15th Floor, New York, NY 10038
- LiteFund Solutions LLC, 99 Wall Street, Suite 2613, New York, NY 10005
- Giggle, LLC, 3250 NE 1st Ave., Unit 305, Miami, FL 33137
- Ally Financial, P.O. Box 380901, Minneapolis, MN 55438-0901
- Chrysler Capital, P.O. Box 961275, Fort Worth, TX 76161
- Nissan Motor Acceptance Company (NMAC), P.O. Box 660360, Dallas, TX 75266
- First Insurance Funding, c/o Rauch-Milliken, P.O. Box 8390, New Orleans, LA 70118-3900
- JPMorgan Chase, P.O. Box 15123, Wilmington, DE 19850
- Members Exchange Federal Credit Union, P.O. Box 31049, Jackson, MS 39286-1049
- Mutual Credit Union, P.O. Box 25, Vicksburg, MS 39181
- U.S. Small Business Administration, Disaster Loan Servicing Center, 2 N. 20th St., Suite 320, Birmingham, AL 35203
- WEX Bank, P.O. Box 639, Portland, ME 04104
- Internal Revenue Service, Centralized Insolvency Operation, P.O. Box 7346, Philadelphia, PA 19101-7346

- United States Attorney, Southern District of Mississippi, 501 E. Court Street, Suite 4.430, Jackson, MS 39201
- Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001
- Mississippi Department of Revenue, Bankruptcy Section, P.O. Box 22808, Jackson, MS 39225-2808
- Mississippi Department of Employment Security, Office of Legal Affairs, P.O. Box 1699, Jackson, MS 39215

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:
RS, LLC

CASE NO: 26-02354

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 11

---

On 8/31/2026, I did cause a copy of the following documents, described below,

Motion for Authority to Use Cash Collateral

Exhibits A & B

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 8/31/2026

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

RS, LLC

CASE NO: 26-02354

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11

On 8/31/2026, a copy of the following documents, described below,

Motion for Authority to Use Cash Collateral

Exhibits A & B

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 8/31/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS 39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

OFFICE OF THE UNITED STATES TRUSTEE
THAD COCHRAN U.S. COURTHOUSE
501 E. COURT STREET, SUITE 6-430
JACKSON, MS 39201

LIFTFUND INC.,
2014 S. HACKBERRY ST.
SAN ANTONIO, TX 78210

LIFTFUND INC.,
2007 W. MARTIN ST.
SAN ANTONIO, TX 78207

MISSISSIPPI DEPT OF EMPLOYMENT SECURITY
OFFICE OF LEGAL AFFAIRS
P.O. BOX 1699
JACKSON, MS 39215

LIEN SOLUTIONS
P.O. BOX 29071
GLENDALE, CA 91209-9071

FIRST CORPORATE SOLUTIONS
914 S STREET,
SACRAMENTO, CA 95811

MISSISSIPPI DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
P.O. BOX 22808
JACKSON, MS 39225-2808

CFG MERCHANT SOLUTIONS, LLC
180 MAIDEN LANE
15TH FLOOR
NEW YORK, NY 10038

LITEFUND SOLUTIONS LLC
99 WALL STREET, SUITE 2613
NEW YORK, NY 10005

WEX BANK
P.O. BOX 639
PORTLAND, ME 04104

GIGGLE, LLC
3250 NE 1ST AVE
UNIT 305
MIAMI, FL 33137

ALLY FINANCIAL
P.O. BOX 380901
MINNEAPOLIS, MN 55438-0901

CHRYSLER CAPITAL
P.O. BOX 961275
FORT WORTH, TX 76161

NISSAN MOTOR ACCEPTANCE COMPANY
P.O. BOX 660360
DALLAS, TX 75266

FIRST INSURANCE FUNDING
C/O RAUCH-MILLIKEN
P.O. BOX 8390
NEW ORLEANS, LA 70118-3900

JP MORGAN CHASE
P.O. BOX 15123,
WILMINGTON, DE 19850

ATTORNEY GENERAL OF THE UNITED STATES
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20530-0001

MUTUAL CREDIT UNION
P.O. BOX 25
VICKSBURG, MS 39181

U.S. SMALL BUSINESS ADMINISTRATION
DISASTER LOAN SERVICING CENTER
2 N. 20TH ST., SUITE 320,
BIRMINGHAM, AL 35203

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATION
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF MISSISSIPPI
501 E. COURT STREET SUITE 4.430
JACKSON, MS 39201

MEMBERS EXCHANGE FCU
P.O. BOX 31049
JACKSON, MS 39286-1049

FUNDBOX, INC.
5760 LEGACY DR.
SUITE B3-535
PLANO, TX 75024

CT CORPORATION SYSTEM
ATTN: SPRS
330 N. BRAND BLVD., SUITE 700
GLENDALE, CA 91203