**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS, LLC,**
**Debtor and Debtor-in-Possession.**

**CASE NO. 26-02354-JAW**
**CHAPTER 11**
**SUBCHAPTER V**

**INTERIM ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL AND PROHIBITING POSTPETITION SWEEPS OR INTERCEPTION OF ESTATE RECEIPTS**

THIS MATTER came before the Court on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral (the "Motion"). After review of the Motion, the supporting declaration, the record, and the presentations of the parties, and solely for purposes of interim relief, the Court FINDS that immediate relief is necessary to avoid immediate and irreparable harm pending a final hearing. Accordingly:

1. The Motion is GRANTED on an interim basis to the extent stated in this Order. All relief not expressly granted is reserved for the final hearing.
2. "Cash Collateral" means cash, receivables, accounts, payment intangibles, identifiable proceeds and related funds that constitute cash collateral under 11 U.S.C. § 363(a) or in which a party otherwise proves an enforceable ownership interest. This definition is procedural only and is not a finding that any particular property is Cash Collateral.
3. The Debtor may use Cash Collateral until entry of a final cash-collateral order or further order of the Court, solely for ordinary and necessary postpetition operating expenses substantially in accordance with the monthly budget attached as Exhibit A to the Motion. The Debtor may incur and pay the listed budgeted expenses each month while this Order remains effective. The Debtor may vary an operating line item by up to 15%, provided aggregate monthly operating disbursements do not exceed the budgeted monthly aggregate without written consent of affected Cash Collateral Claimants or further order.
4. The Debtor is authorized to make the owner draw reflected in Exhibit A while this Order remains effective. No owner distribution, owner draw, or payment of personal expenses in excess of the amounts reflected in Exhibit A is authorized without written consent of affected Cash Collateral Claimants or further order.
5. No prepetition debt may be paid from Cash Collateral under this Order except as separately authorized by the Bankruptcy Code, written postpetition consent, or further order of the Court.
6. Any prepetition ACH authorization, sweep, lockbox instruction, payment redirection, power of attorney or similar collection device in favor of a prepetition creditor may be revoked or suspended by the Debtor with respect to estate property. No Cash Collateral Claimant or its

agent, servicer, processor or representative may initiate or continue a postpetition debit, sweep, interception, redirection or control of receipts or deposit-account funds to the extent such funds are property of the estate or Cash Collateral under § 363(a), without the Debtor's written postpetition consent or further order of this Court.

7. As interim adequate protection, each entity that ultimately establishes a valid, enforceable, perfected and unavoidable prepetition lien is granted a replacement lien in postpetition property of the same type and identifiable proceeds, with the same validity, extent and priority as its prepetition lien, but only to the extent of actual diminution in value caused by the Debtor's authorized use of Cash Collateral.
8. No replacement lien granted by this Order attaches to Chapter 5 avoidance actions or proceeds; claims or causes of action against insiders or prepetition financing parties; professional retainers; property genuinely unencumbered by consensual prepetition liens; or other property outside the proven scope of the claimant's prepetition lien.
9. Nothing in this Order constitutes or shall be deemed (a) an admission or finding concerning the amount, validity, attachment, enforceability, perfection, priority, extent or scope of any asserted lien or ownership interest; (b) a determination that a "Future Receipts" transaction is a sale or financing; (c) a waiver of any challenge, avoidance, recharacterization, tracing, setoff/recoupment defense, surcharge under § 506(c), equities under § 552(b), marshalling right, claim objection, counterclaim or other estate right; (d) a roll-up; (e) a priming lien; or (f) a release of any prepetition party.
10. Nothing in this Order grants any Cash Collateral Claimant relief from the automatic stay or permits any extra-judicial remedy after an alleged default. Any request to exercise remedies requires notice, hearing and further order unless the Debtor and affected parties otherwise stipulate in a writing approved by the Court.
11. The Debtor shall maintain customary insurance, preserve its books and records, use debtor-in-possession bank accounts, and provide the United States Trustee, the Subchapter V trustee once appointed, and any Cash Collateral Claimant that requests reporting with reasonable bank statements, a budget-to-actual report and accounts-receivable information while this Order remains effective.
12. The Court retains jurisdiction to enforce and modify this Order. The Debtor shall serve this Order as required by Miss. Bankr. L.R. 9013-1(g)(4).
13. The final hearing on the Motion, which shall not commence earlier than permitted by Fed. R. Bankr. P. 4001(b)(2), is set for __________________, 2026, at __________ __.m., at ______________________________________________, unless otherwise ordered.
14. This Order is effective immediately upon entry.

##END OF ORDER##

SUBMITTED BY:
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A. Curry Calvillo (MSBN 104367)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Proposed Counsel for the Debtor and Debtor-in-Possession