**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: September 15, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| **IN RE: RS, LLC,** | **CASE NO. 26-02354-JAW** |
| **Debtor and Debtor-in-Possession** | **CHAPTER 11** |
| | **SUBCHAPTER V** |

# AGREED INTERIM ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL AND APPROVING PLAN-PAYMENT AND OWNER-COMPENSATION CONDITIONS

THIS MATTER came before the Court for hearing on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral; to Prohibit Postpetition Sweeps and Interception of Receipts; and for Related Adequate-Protection Relief (the "Motion") [Dkt. 15], and the United States Trustee's Limited Response [Dkt. 37]. The Debtor appeared through counsel, and the United States Trustee appeared through Abigail M. Marbury. No other party appeared in opposition. At the conclusion of the hearing, the Court granted limited interim relief pending a final hearing and directed the parties to submit an order reflecting the terms announced. After consideration of the Motion, the Response, the record, and the presentations of counsel, the Court finds that interim relief is necessary to avoid immediate and irreparable harm pending the final hearing. Accordingly:

1. The Motion is GRANTED on an interim basis only to the extent stated in this Order. All relief not expressly granted is reserved for the final hearing.
2. "Cash Collateral" means cash, receivables, accounts, payment intangibles, identifiable proceeds, and related funds that constitute cash collateral under 11 U.S.C. section 363(a) or in which a party otherwise proves an enforceable ownership interest. This definition is procedural only and is not a finding that any particular property is Cash Collateral.

3. The Debtor may use Cash Collateral until entry of a final cash-collateral order or further order of the Court, solely for ordinary and necessary postpetition business expenses substantially in accordance with Revised Exhibit A attached to this Order. Except for Owner Compensation and the Plan Payment Account deposit, the Debtor may vary an operating-expense line item by up to 15%, provided aggregate monthly operating disbursements do not exceed the budgeted monthly aggregate without written consent of affected Cash Collateral Claimants or further order. The 15% variance does not apply to the $19,610 Owner Compensation cap or the $9,500 Plan Payment Account deposit.

4. Plan Payment DIP Account.

   a. Before making any Owner Compensation payment, the Debtor shall establish and maintain a separate debtor-in-possession bank account designated as the "RS, LLC Plan Payment Account" (the "Plan Payment Account").

   b. For each monthly budget period, before paying any Owner Compensation, the Debtor shall (i) pay in full all ordinary and necessary postpetition business expenses then due for that period, including lawful labor or contractor obligations, payroll and trust-fund taxes, fuel, repairs, insurance, accounting, and other operating obligations; and (ii) deposit $9,500 into the Plan Payment Account as the anticipated monthly Plan payment.

   c. Funds deposited in the Plan Payment Account remain property of the estate, shall be separately accounted for, may not be used to pay Owner Compensation or personal expenses, and may be disbursed only under a confirmed plan or further order of the Court.

5. Owner Compensation.

   a. The line previously identified as "Owner Draw" is relabeled "Owner Compensation." This authorization is limited to Reginald Jones and is solely for actual postpetition management and operating services reasonably necessary to operate and preserve the Debtor. No payment is authorized on account of ownership, as a dividend or equity distribution, or for personal expenses.

b. Subject to full compliance with paragraph 4, the Debtor may pay Reginald Jones Owner Compensation not exceeding $19,610 for a monthly budget period. The amount paid shall be the lesser of $19,610 or the unrestricted cash actually available after the Debtor has paid all ordinary and necessary postpetition business expenses then due and deposited the full $9,500 into the Plan Payment Account.

c. To the extent less than $19,610 remains available after satisfaction of paragraph 4, the maximum Owner Compensation for that month shall be reduced dollar-for-dollar to the amount of available cash. If the Debtor cannot pay all ordinary and necessary postpetition business expenses then due or cannot make the full $9,500 Plan Payment Account deposit, no Owner Compensation may be paid for that month.

6. Each Owner Compensation payment and each Plan Payment Account deposit shall be made through debtor-in-possession accounts, separately identified in the Debtor's books and records, disclosed in the monthly operating report, and supported by records made available to the United States Trustee and the Subchapter V Trustee upon request.

7. No prepetition debt may be paid from Cash Collateral under this Order except as separately authorized by the Bankruptcy Code, written postpetition consent approved as required, or further order of the Court. The labor, insurance, accounting, membership, and occupancy lines authorize only actual postpetition obligations supported by the Debtor's books and records.

8. Any prepetition ACH authorization, sweep, lockbox instruction, payment redirection, power of attorney, or similar collection device in favor of a prepetition creditor may be revoked or suspended by the Debtor with respect to estate property. No Cash Collateral Claimant or its agent, servicer, processor, or representative may initiate or continue a postpetition debit, sweep, interception, redirection, or control of estate receipts or deposit-account funds without the Debtor's written postpetition consent or further order of this Court.

9. As interim adequate protection, each entity that ultimately establishes a valid, enforceable, perfected, and unavoidable prepetition lien is granted a replacement lien in postpetition property of the same type and identifiable proceeds, with the same validity, extent, and priority as its prepetition lien, but only to the extent of actual diminution in value caused by the Debtor's authorized use of Cash Collateral.

10. No replacement lien granted by this Order attaches to Chapter 5 avoidance actions or proceeds; claims or causes of action against insiders or prepetition financing parties; professional retainers; property genuinely unencumbered by consensual prepetition liens; the Plan Payment Account beyond any valid prepetition lien and replacement lien otherwise recognized by this Order; or other property outside the proven scope of the claimant's prepetition interest.

11. Nothing in this Order constitutes or shall be deemed (a) an admission or finding concerning the amount, validity, attachment, enforceability, perfection, priority, extent, or scope of any asserted lien or ownership interest; (b) a determination that a future-receipts transaction is a sale or financing; (c) a waiver of any challenge, avoidance, recharacterization, tracing, setoff, recoupment, surcharge under section 506(c), equities under section 552(b), marshalling right, claim objection, counterclaim, or other estate right; (d) a roll-up; (e) a priming lien; or (f) a release of any prepetition party.

12. Nothing in this Order grants any Cash Collateral Claimant relief from the automatic stay or permits any extra-judicial remedy after an alleged default. Any request to exercise remedies requires notice, hearing, and further order unless the Debtor and affected parties otherwise stipulate in a writing approved by the Court.

13. The Debtor shall maintain customary insurance, preserve its books and records, use debtor-in-possession bank accounts, remain current on postpetition taxes and lawful labor obligations, and provide the United States Trustee, the Subchapter V Trustee, and any Cash Collateral Claimant requesting information with reasonable bank statements, budget-to-actual reports, accounts-receivable information, Plan Payment Account records, and Owner Compensation records while this Order remains effective.

14. The Court retains jurisdiction to enforce and modify this Order. The Debtor shall serve this Order as required by applicable law and Miss. Bankr. L.R. 9013-1(g)(4).

15. The final hearing on the Motion, which shall not commence earlier than permitted by Fed. R. Bankr. P. 4001(b)(2), is set as follows:

| FINAL HEARING | |
|---|---|
| **Date:** | November 2, 2026 |
| **Time:** | 1:30 |
| **Location / Method:** | Thad Cochran U.S. Courthouse, Bankruptcy Courtroom 4C, 501 East Court Street, Jackson, Mississippi |

*unless otherwise ordered by the Court.*

16. This Order is effective immediately upon entry and remains in effect until entry of a final cash-collateral order or further order of the Court.

**##END OF ORDER##**

**SUBMITTED BY:**

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
**THE ROLLINS LAW FIRM, PLLC**
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor and Debtor-in-Possession

**APPROVED AND AGREED:**

/s/ Abigail M. Marbury
**ABIGAIL M. MARBURY (MSB #99626)**
**ASSISTANT U.S. TRUSTEE**
**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
501 East Court Street, Suite 6-430
Jackson, Mississippi 39201
Tel: (601) 965-5245
Email: abigail.m.marbury@usdoj.gov

# EXHIBIT A

## REVISED PROPOSED MONTHLY CASH-COLLATERAL BUDGET

| Category | Monthly Amount |
|---|---|
| Operating receipts | $81,116 |
| Labor / subcontractors | $27,500 |
| Fuel | $9,000 |
| Repairs / maintenance | $3,000 |
| Registration | $0 |
| Wash / road | $650 |
| Vehicle supplies | $150 |
| Advertising | $100 |
| Home-office / business occupancy expense | $210 |
| Bank fees | $150 |
| Memberships | $250 |
| Vehicle insurance | $8,000 |
| Accounting | $2,400 |
| Phone | $96 |
| Owner Compensation - Reginald Jones | Up to $19,610 |
| **TOTAL DISBURSEMENTS** | **$71,116** |
| **PROJECTED SURPLUS** | **$10,000** |

1. The former "Owner Draw" line is relabeled "Owner Compensation." The $19,610 amount is a maximum, not an entitlement, and the 15% line-item variance does not apply.
2. Before any Owner Compensation is paid for a month, the Debtor must pay all ordinary and necessary postpetition business expenses then due and deposit $9,500 into the separate Plan Payment Account.
3. The $9,500 Plan Payment Account deposit is funded from the projected $10,000 surplus and is a transfer between debtor-in-possession accounts, not an additional operating expense. If all budgeted amounts are paid, the projected unrestricted cash remaining is $500.
4. If the Debtor cannot satisfy the business-expense requirement or make the full $9,500 deposit, Owner Compensation for that month is $0. If less than $19,610 remains after satisfying those requirements, Owner Compensation is reduced dollar-for-dollar to the cash available.