**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS, LLC,**

**DEBTOR**

**CASE NO. 26-02354-JAW**
**CHAPTER 11**
**SUBCHAPTER V**

# DEBTOR'S PRE-STATUS CONFERENCE REPORT PURSUANT TO 11 U.S.C. SECTION 1188(c)

RS, LLC (the "Debtor"), as debtor and debtor-in-possession, files this report pursuant to 11 U.S.C. section 1188(c) and the Court's Notice of Status Conference and Report Deadline [Dkt. 26]. The Debtor reports as follows:

## I. CASE AND PLAN STATUS

1. The Debtor commenced this Chapter 11 case on August 28, 2026, and elected to proceed under Subchapter V. The Debtor remains in possession and continues to operate its non-emergency medical transportation business.

2. Reginald Jones is the Debtor's sole member and manager. The Debtor provides transportation through payer and network relationships that include Modivcare Solutions LLC, CareCar Inc., and Medical Transportation Management, Inc., using an operating fleet and approximately eight workers.

3. The Court has scheduled the Subchapter V status conference for October 20, 2026, at 1:30 p.m., in Bankruptcy Courtroom 4C of the Thad Cochran United States Courthouse in Jackson, Mississippi.

4. The Debtor filed its Chapter 11 Subchapter V Plan of Reorganization on September 4, 2026 [Dkt. 31]. The Plan was filed early to provide creditors, the Subchapter V Trustee, and the

United States Trustee with a concrete proposal while proofs of claim, collateral values, insurance proceeds, and disputed financing issues continued to be reviewed.

5. The Plan presently proposes that the Debtor retain its operating business and eleven operating vehicles; pay the allowed secured vehicle claims over sixty months at 8.50% interest; pay the allowed secured claim of LiftFund, Inc. over sixty months without additional postpetition interest; and pay allowed general unsecured claims, including allowed unsecured merchant-cash-advance claims and vehicle deficiencies, in full over no more than sixty months without postpetition interest.

6. The Plan requires a minimum monthly Plan Payment of $9,500. The Debtor seeks consensual confirmation under 11 U.S.C. section 1191(a), while preserving the alternative request for nonconsensual confirmation under section 1191(b) if all applicable requirements are satisfied.

## II. EFFORTS UNDERTAKEN TO ATTAIN A CONSENSUAL PLAN

7. The Debtor filed the Plan within the first week of the case so affected parties could evaluate specific proposed treatment rather than negotiate without a written proposal.

8. The Debtor has participated in the initial-debtor-interview process, provided financial and insurance materials, communicated with the United States Trustee and the Subchapter V Trustee, and addressed questions concerning the Debtor's operations, bank accounts, owner compensation, worker classification, insurance, and financial reporting.

9. The meeting of creditors under 11 U.S.C. section 341 was held October 2, 2026. The Debtor will promptly provide any follow-up documents or information requested by the United States Trustee or the Subchapter V Trustee and will report the status of any continuation at the October 20 status conference.

10. The Debtor obtained an order fixing October 19, 2026, as the deadline for ballots and objections to confirmation and November 2, 2026, as the confirmation hearing date [Dkt. 35]. The Debtor prepared class-specific ballots and Plan solicitation materials for each impaired class and recipient in accordance with the solicitation order.

11. The Debtor has begun reviewing filed proofs of claim, including secured vehicle claims, and comparing the asserted amounts, collateral values, secured status, and deficiency treatment with the Plan. The Debtor intends to address differences through communication, stipulation, objection, valuation, or Plan modification as appropriate.

12. The Debtor and the United States Trustee have worked toward agreed cash-collateral and owner-compensation terms. The agreed proposed structure requires a separate debtor-in-possession Plan Payment Account, a $9,500 deposit for each monthly budget period before any owner compensation, payment or current status of all ordinary postpetition business expenses before owner compensation, a monthly compensation cap, dollar-for-dollar reduction if cash is insufficient, and no accrual or later catch-up of unpaid compensation.

13. The Debtor has continued to evaluate asserted liens, assignments, and ownership interests involving merchant-cash-advance and purported receivables-purchase transactions. The Plan reserves the Debtor's objections, counterclaims, recharacterization rights, reconciliation rights, avoidance rights, lien and UCC challenges, and other estate claims and defenses.

14. The Debtor has reviewed its filed Schedule A/B and is preparing an amendment to disclose contingent and unliquidated claims and causes of action arising from the merchant-cash-advance, purported receivables-purchase, and related financing transactions.

15. The Debtor is completing the required small-business monthly operating reports and associated bank-account reconciliations. The August reporting period has been worked from

available bank records, and the Debtor is gathering and reconciling the information necessary for the September report.

## III. EFFORTS TO BE UNDERTAKEN

16. The Debtor will continue direct communications with the Subchapter V Trustee, the United States Trustee, secured creditors, merchant-cash-advance claimants, and other material creditors to identify and, where possible, resolve claim amount, collateral value, lien, classification, interest, and payment-treatment issues before confirmation.

17. The Debtor will establish and maintain the Plan Payment Account required by the agreed proposed cash-collateral structure and will document each required deposit, each owner-compensation payment, and compliance with the monthly payment waterfall.

18. The Debtor will complete and file the amended Schedule A/B identifying the potential merchant-cash-advance and financing-related claims and will make any related amendments to the schedules or Statement of Financial Affairs that become necessary after further investigation.

19. The Debtor will complete the monthly operating reports, reconcile all estate bank accounts, remain current on lawful postpetition taxes, labor or contractor obligations, insurance, and ordinary operating expenses, and provide requested financial information to the United States Trustee and Subchapter V Trustee.

20. The Debtor will reconcile the claims register as proofs of claim are filed, including vehicle claims, asserted MCA or receivables-purchase claims, possible priority tax claims, and any deficiency claims. The Debtor will evaluate objections, valuation proceedings, stipulations, or Plan amendments as the record develops.

21. The Debtor will continue to pursue and account for the insurance proceeds relating to the total-loss 2019 Chevrolet Impala and will adjust the affected secured or deficiency claim treatment to reflect all insurance and other credits.

22. After the October 19 ballot and objection deadline, the Debtor will review the returned ballots and any objections, communicate with objecting parties, and attempt to resolve confirmation issues consensually before the November 2 confirmation hearing.

23. The Debtor will prepare any necessary Plan modification, updated projections, claims reconciliation, confirmation evidence, proposed confirmation order, and the Ballot Summary and Certification required before the confirmation hearing.

## IV. ANTICIPATED CONFIRMATION ISSUES

24. As of the filing of this report, the principal anticipated issues include: (a) reconciliation and valuation of secured vehicle claims and related deficiencies; (b) treatment of insurance proceeds and any remaining Impala deficiency; (c) characterization, claim amount, ownership, assignment, lien, perfection, and UCC issues arising from MCA and receivables-purchase transactions; (d) feasibility and compliance with the Plan Payment Account and owner-compensation conditions; (e) any timely filed priority tax claims; and (f) amendments required by filed claims, actual operating results, or negotiated resolutions.

25. Because ballots and confirmation objections are not due until October 19, 2026, the Debtor cannot yet determine whether all impaired classes will accept the Plan or whether any objections will remain. The Debtor nevertheless continues to seek a consensual Plan and will report the then-current voting, objection, and settlement status at the October 20 status conference.

26. The Debtor believes that continued operations, current financial reporting, disciplined funding of the Plan Payment Account, claims reconciliation, and focused negotiations provide a reasonable path toward confirmation. The Debtor requests that the Court conduct the status conference and provide any additional case-management direction the Court deems appropriate.

Respectfully submitted,
RS, LLC,
Debtor and Debtor-in-Possession

BY: /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor and Debtor-in-Possession

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS LLC, DEBTOR**

**Case No. 26-02354-JAW**
**CHAPTER 11**
**SUBCHAPTER V**

**CERTIFICATE OF SERVICE**

I certify that on October 6, 2026, I caused a true and correct copy of the foregoing Debtor's Pre-Status Conference Report Pursuant to 11 U.S.C. section 1188(c) to be served through the Court's CM/ECF system on all registered users entitled to electronic notice, including the United States Trustee and the Subchapter V Trustee.

.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com