**SO ORDERED,**

**Judge Jamie A. Wilson**
**United States Bankruptcy Judge**
**Date Signed: November 2, 2026**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: RS, LLC,**
**Debtor**

**CASE NO. 26-02354-JAW**
**CHAPTER 11**
**SUBCHAPTER V**

# AGREED FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

THIS MATTER is before the Court on the Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral; to Prohibit Postpetition Sweeps and Interception of Receipts; and for Related Adequate-Protection Relief [Dkt. 15] (the "Motion"), the United States Trustee's Limited Response [Dkt. 37], and the proposed final resolution of the Motion on the terms of the Agreed Interim Order [Dkt. 42] (the "Interim Order"). Having considered the record, the agreement of the signatories below, and notice and an opportunity for hearing under Fed. R. Bankr. P. 4001, the Court finds the relief below appropriate under 11 U.S.C. sections 361 and 363. IT IS ORDERED:

1. The Motion is APPROVED on a final basis to the extent provided in this Order. Paragraphs 2 through 14 and Revised Exhibit A of the Interim Order are incorporated as if fully set forth herein and remain binding, subject to the modifications below. References in those provisions to "this Order" mean this Final Order. The duration in paragraph 3 of the Interim

Order is replaced by paragraph 2 below, and "interim" is deleted from its paragraph 9. The existing budget and all other incorporated conditions remain unchanged.

2. The Debtor may use Cash Collateral on these terms until the earliest of the effective date of a confirmed plan, dismissal of this case, conversion to Chapter 7, or further order of this Court. Obligations and replacement liens arising from authorized use are preserved, subject to the confirmed plan or further order.

3. The Interim Order's $9,500 monthly Plan Payment Account requirement, $19,610 maximum Owner Compensation, and all related prerequisites remain binding, including payment of current business obligations and the full deposit before any compensation, and the dollar-for-dollar reduction or prohibition of compensation when funds are insufficient. Existing budget, variance, insurance, tax, recordkeeping, and reporting conditions continue.

4. All limitations on replacement liens and all reservations in paragraphs 9 through 12 of the Interim Order continue. This Order does not determine any claim, lien, ownership interest, or financing characterization; waive any estate claim or defense; or grant stay relief. Approval does not constitute plan acceptance or resolve Ally Capital's confirmation objection [Dkt. 44]. Any entity asserting an interest in Cash Collateral may seek protection under section 363(e) upon proper notice.

5. Upon entry of this Order, the final cash-collateral hearing scheduled for November 2, 2026, at 1:30 p.m. is removed from the calendar. This Order does not change the confirmation hearing or related deadlines, which must be addressed separately.

6. This Order is effective upon entry and supersedes the Interim Order prospectively, except for the provisions incorporated or preserved above. The Court retains jurisdiction to enforce or modify this Order. The Debtor shall serve it as required by Fed. R. Bankr. P. 4001 and Miss. Bankr. L.R. 9013-1(g)(4).

**##END OF ORDER##**

Approved and Agreed to:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-5533
Email: trollins@therollinsfirm.com
Counsel for the Debtor-in-Possession

/s/ Abigail M. Marbury
Abigail M. Marbury (MSBN 99626)
OFFICE OF THE U.S. TRUSTEE
501 East Court Street, Suite 6-430
Jackson, Mississippi 39201
Telephone: (601) 965-5245
Email: abigail.m.marbury@usdoj.gov
Assistant U.S. Trustee